IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHEREE SHIPMAN,              )
                             )
    Plaintiff,               )
                             )
v.                           )    CASE NO. CV414-052
                             )
MARLO ENTERPRISES, INC. d/b/a)
Collection Concepts, Inc., and)
MARTIN REED,                 )
                             )
    Defendants.              )
                             )

## O R D E R

Before the Court is Plaintiff's Second Motion for Default Judgment (Doc. 25), to which there has been no response. In this motion, Plaintiff requests a default judgment against Defendants Marlo Enterprises, Inc. ("Marlo") and Martin Reed. For the following reasons, Plaintiff's motion is **DENIED**.

### BACKGROUND

This case arises from debt collection attempts that Plaintiff alleges violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff was subject to an undisclosed debt that she alleged arose from a transaction "in which the money, property, insurance, or services . . . were incurred primarily for personal, family, or household purposes." (Doc. 15 at 3.) According to the complaint, Defendants Marlo Enterprises, Inc. ("Marlo") and Martin Reed, who were not

Plaintiff's creditors, attempted to collect the debt by filing an Affidavit of Continuing Garnishment against Plaintiff's employer on August 29, 2013. (Doc. 15 at 2-3.) In the garnishment case, an entity called "Collection Concepts" purported to be the plaintiff. (Doc. 15 at 3.) On September 23, 2013, Plaintiff filed a traverse to the garnishment. (Doc. 15 at 3.) On November 21, 2013, the garnishment was dismissed after Defendant Marlo twice failed to appear at garnishment hearings. (Doc. 15 at 4.) Plaintiff's garnished funds were ultimately returned to her several months later. (Doc. 15 at 4.) On March 14, 2014, Plaintiff filed this suit bringing a claim under the FDCPA. (Doc. 1.) On February 10, 2015, she amended that complaint to bring three additional FDCPA claims. (Doc. 15.)

On May 9, 2014, Defendants filed a Motion for Extension of Time in order to seek an attorney (Doc. 7), which the Court granted (Doc. 8). On July 11, 2014, Defendants filed a Motion to Dismiss[1] (Doc. 9), to which Plaintiff responded by requesting an opportunity to amend her complaint (Doc. 12 at 6). On July 14, 2014, a Clerk's Entry of Default was entered as to Defendant Marlo. (Doc. 11.) On February 9, 2015, the Court granted Plaintiff's request to amend and directed Plaintiff to file an

---

[1] The Court recognizes that Defendants' motion suffered from numerous substantive and procedural deficiencies, including that the motion was filed out of time by a non-attorney purporting to represent both the individual and corporate defendants in this action. (Doc. 13 at 2.)

amended complaint. (Doc. 13.) On February 10, 2015, Plaintiff filed her amended complaint. (Doc. 15.) Defendants never answered the amended complaint. On April 29, 2015, a Clerk's Entry of Default was entered as to Defendant Reed. (Doc. 17.) On October 13, 2015, Plaintiff filed a Motion for Default Judgment. (Doc. 18.) On April 18, 2016, the Court dismissed Plaintiff's Motion for Default Judgment for—among other concerns—her failure to serve Defendants at the correct address. (Doc. 19.) Plaintiff corrected these errors, and sought and received a Clerk's Entry of Default as to both defendants on July 6, 2016. (Doc. 24.) Accordingly, Plaintiff filed a Second Motion for Default Judgment that is now ripe for review. (Doc. 25.)

## ANALYSIS

There is no right to judgment by default; the matter lies within the Court's discretion.[2] Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985). Further, default judgment can only be entered if the record adequately reflects the basis for the award. Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985). To prevail on a claim pursuant to the FDCPA, the Plaintiff must establish that "(1) [she] [has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the

---

[2] If necessary, the Court may hold a hearing on the matter of default judgment. Fed. R. Civ. P. 55(b)(2).

debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." <u>Frazier v. Absolute Collection Serv., Inc.</u>, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (quoting <u>Buckley v. Bayrock Mortg. Corp.</u>, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010)).

It is unclear from the record in this case whether the debt that forms the basis for this recovery is a consumer debt. Plaintiff has merely stated that her obligation "arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household services." This is a conclusion of law, not a statement of fact. Moreover, Plaintiff has provided no other evidence as to the content of her debt. As a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," there is not a sufficient factual basis to support Plaintiff's allegation here. <u>Nishimatsu Const. Co. v. Houston Nat. Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] Accordingly, Plaintiff's Motion for Default Judgment is **DENIED**.

---

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (Doc. 25) is **DENIED**.

SO ORDERED this 7th day of March 2017.

_____
WILLIAM T. MOORE, JR.,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA