FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAY -7 PM 4:01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHEREE SHIPMAN, ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. CV414-052 |
| MARLO ENTERPRISES, INC. d/b/a ) Collection Concepts, Inc., ) and MARTIN REED, ) | |
| Defendants. ) | |

## O R D E R

Before the Court is Plaintiff's Third Motion for Default Judgment (Doc. 32), to which there has been no response. In this motion, Plaintiff again requests a default judgment against Defendants Marlo Enterprises, Inc. ("Marlo") and Martin Reed. For the following reasons, Plaintiff's motion is **GRANTED**.

### BACKGROUND

This case arises from debt collection attempts that Plaintiff alleges violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. In her complaint, Plaintiff initially alleges only that she was subject to an undisclosed debt that arose from a transaction "in which the money, property, insurance, or services . . . were incurred primarily for personal,

family, or household purposes." (Doc. 15 at 3.) According to the complaint, Defendants Marlo and Reed, who were not Plaintiff's creditors, attempted to collect the debt by filing an Affidavit of Continuing Garnishment against Plaintiff's employer on August 29, 2013. (Doc. 15 at 2-3.) In the garnishment case, an entity called "Collection Concepts" purported to be the plaintiff. (Doc. 15 at 3.) On September 23, 2013, Plaintiff filed a traverse to the garnishment. (Doc. 15 at 3.) On November 21, 2013, the garnishment was dismissed after Defendant Marlo twice failed to appear at the garnishment hearings. (Doc. 15 at 4.) Plaintiff's garnished funds were ultimately returned to her several months later. (Doc. 15 at 4.) On March 14, 2014, Plaintiff filed this suit bringing a claim under the FDCPA. (Doc. 1.) On February 10, 2015, she amended that complaint to bring three additional FDCPA claims. (Doc. 15.)

On May 9, 2014, Defendants filed a Motion for Extension of Time in order to seek an attorney (Doc. 7), which the Court granted (Doc. 8). On July 11, 2014, Defendants filed a Motion to Dismiss (Doc. 9), to which Plaintiff responded by requesting an opportunity to amend her complaint (Doc. 12 at 6). On July 14, 2014, a Clerk's Entry of Default was entered as to Defendant Marlo. (Doc.

11.) On February 9, 2015, the Court granted Plaintiff's request to amend and directed Plaintiff to file an amended complaint. (Doc. 13.) On February 10, 2015, Plaintiff filed her amended complaint. (Doc. 15.) Defendants never answered the amended complaint. On April 29, 2015, a Clerk's Entry of Default was entered as to Defendant Reed. (Doc. 17.) On October 13, 2015, Plaintiff filed a Motion for Default Judgment. (Doc. 18.) On April 18, 2016, the Court dismissed Plaintiff's Motion for Default Judgment for—among other concerns—her failure to serve Defendants at the correct address. (Doc. 19.) Plaintiff corrected these errors, and sought and received a Clerk's Entry of Default as to both Defendants on July 6, 2016. (Doc. 24.)

On August 25, 2016, Plaintiff filed a Second Motion for Default Judgment. (Doc. 25.) Upon reviewing that motion, the Court again rejected Plaintiff's request because she failed to demonstrate that the disputed debt was a consumer debt subject to the FDCPA. (Doc. 26.) Now, Plaintiff has filed a Third Motion for Default Judgment. (Doc. 32.) In this motion, Plaintiff provides more detailed information regarding her underlying claim, including that the disputed debt in this case was the result of a medical bill. (Doc. 32, Attach. 2.) The Court will now consider

whether Plaintiff has sufficiently shown that she is entitled to default judgment.

**ANALYSIS**

I. <u>DEFAULT JUDGMENT</u>

As noted by this Court in its previous ruling denying Plaintiff's earlier request for default judgment, there is no right to judgment by default; the matter lies within the Court's discretion. <u>Hamm v. DeKalb Cty.</u>, 774 F.2d 1567, 1576 (11th Cir. 1985). Further, default judgment can only be entered if the record adequately reflects the basis for the award. <u>Adolph Coors Co. v. Movement Against Racism & the Klan</u>, 777 F.2d 1538, 1544 (11th Cir. 1985). To prevail on a claim pursuant to the FDCPA, a plaintiff must establish that "(1) [she] [has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." <u>Frazier v. Absolute Collection Serv., Inc.</u>, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (quoting <u>Buckley v. Bayrock Mortg. Corp.</u>, 1:09-cv-1387, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010)).

In this case, the Court finds that Plaintiff has adequately shown that she could prevail on a claim pursuant

4

to the FDCPA. First, Plaintiff has satisfied this Court's earlier concern that she failed to prove the disputed debt in this action was a consumer debt. The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). In her current filing, Plaintiff provides an affidavit detailing that the disputed debt in this case is the result of medical services received at Statesboro OB/GYN. (Doc. 32, Attach 2.) As a result, the Court is now satisfied that Plaintiff's debt is an appropriate consumer debt covered by the FDCPA.

Next, the Court is satisfied that Plaintiff is able to show that Defendants Marlo and Reed are debt collectors. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In the Court's view, both Defendants Marlo and

Reed meet this definition. First, Defendant Marlo acted as a debt collector by improperly garnishing Plaintiff's wages under a false company's name. (Doc. 15 at 6.) In addition, Defendant Reed acted as a debt collector by taking an active role in the "day-to-day management of Marlo's debt collection business." (Id. at 4.); see also Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1073 (E.D. Ca. 2008) (quoting Piper v. Portnoff Law Assocs., 274 F. Supp. 2d 681, 689-90 (E.D. Pa. 2003)) (discussing that "courts have found an individual personally liable if the individual . . . 'exercise[d] control over the affairs of [the] business' " that sought to collect the plaintiff's debt).

Finally, Plaintiff has shown that Defendants' actions likely violated the FDCPA. In her complaint, Plaintiff alleges that Defendants' conduct violated at least four different provisions of the FDCPA. (Doc. 15.) For example, Plaintiff alleges that Defendants used a false name, in violation of 15 U.S.C. § 1692e(14), when attempting to collect the garnished wages. (Doc. 15 at 6.) After careful review, the Court is satisfied that Plaintiff has sufficiently shown that Defendants' conduct violated the FDCPA.

Ultimately, Plaintiff is able to prove all the necessary elements of an FDCPA claim. Accordingly,

Plaintiff's motion for default judgment is granted. The Court must now consider Plaintiff's request for damages.

II. <u>DAMAGES, ATTORNEYS' FEES, AND COSTS</u>

As a result of Defendants' conduct in violation of the FDCPA, Plaintiff contends that she is entitled to certain statutory damages and fees. (Doc. 32, Attach. 1 at 7-8.) Specifically, Plaintiff requests $1,000.00 in statutory damages, $4,702.50 in attorneys' fees, and $526.40 in litigation costs. (<u>Id.</u>) After careful review, Plaintiff's request for damages is granted.

First, Plaintiff requests $1,000.00 in statutory damages. (<u>Id.</u> at 7.) Under the FDCPA, the Court is permitted to award, "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A).[1] When determining the appropriate amount of statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). In this case,

---

[1] To determine the appropriate amount of damages warranted under the FDCPA, the Court may hold an evidentiary hearing. However, a hearing is not required—especially when "all essential evidence is already of record." <u>S.E.C. v. Smyth</u>, 420 F.3d 1225, 1232 n.1 (11th Cir. 2005). In this case, the Court sees no reason to hold hearing.

7

Plaintiff has alleged four different violations of the FDCPA. (Doc. 15 at 4-8.) Based on Plaintiff's allegations and Defendants' failure to challenge them, the Court finds that Defendants' conduct was sufficiently persistent and non-compliant as to warrant an award of $1,000.00 in statutory damages.

In addition, Plaintiff requests $4,702.50 in reasonable attorneys' fees. (Doc. 32, Attach. 1 at 7.) The FDCPA provides for the recovery of reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3). In calculating attorneys' fees, the Court must use the lodestar method. Moton v. Nathan & Nathan, P.C., 297 Fed. App'x 930, 931-32 (11th Cir. 2008). Pursuant to this method, the Court must calculate appropriate attorneys' fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). In this case, Plaintiff requests $4,702.50 in attorneys' fees for 13.5 hours of attorney time at a rate of $335.00 per hour, and 1.2 hours of paralegal time at a rate of $150.00 per hour. Given this Court's knowledge of typical rates in this area, the Court finds Plaintiff's request to be reasonable. As such, Plaintiff is entitled to $4,702.50 in attorneys' fees.

Finally, Plaintiff requests costs to cover the $400.00 filing fee, $90.00 process service fee, and $36.20 Servicemembers Civil Relief Act search fee. The FDCPA provides that a prevailing plaintiff is entitled to "costs of the action." 15 U.S.C. § 1692k(a)(3). Because Plaintiff has shown that Defendants violated the FDCPA, the Court finds that Plaintiff is entitled to $526.40 in litigation costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. 32) is **GRANTED**. As a result, Plaintiff is entitled to $1,000.00 in statutory damages, $4,702.50 in attorneys' fees, and $526.40 in litigation costs. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 7th day of May 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA